**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROB NEWBY, #21051-078,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 26-cv-00588-JPG** |
| ) | |
| **USA,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Rob Newby filed a Complaint against the United States pursuant to the Federal Tort Claims Act (FTCA) on May 4, 2026. (Doc. 1). In his Complaint, Plaintiff brought a claim for mail interference by his federal public defender in his criminal case, *see United States v. Newby*, No. 6:13-cr-00035-JDK-JDL-1 (E.D. Texas filed April 17, 2013), and he alleged that the loss of exonerating letters resulted in the denial of a motion to vacate/correct sentence under 28 U.S.C. 2255, *see Newby v. United States*, No. 6:15-cv-00131-JCB-JDL (E.D. Texas filed Feb. 13, 2015). The events giving rise to his criminal case occurred in Texas, and he was housed at a federal facility in Louisiana when he filed the Complaint in this case.

Because he was incarcerated at the time of filing this action, this case is subject to the Prison Litigation Reform Act, which includes procedures for prepaying the filing fee (or filing an application to pay it in installments) and preliminary merits review. *See* 42 U.S.C. § 1997e. Plaintiff filed this action without prepaying the $405.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP motion). Therefore, on May 4, 2026, the Court entered a Notice and Order requiring Plaintiff to either prepay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis* (IFP motion) within 30 days (June 3, 2026). (Doc. 2). The Court also

1

entered an Order to Show Cause why this case should not be dismissed for failure to make this payment or apply for IFP or, alternatively, transferred to another venue.  (Doc. 3).

Plaintiff missed the deadline for paying the filing fee, filing an IFP motion, and/or responding to the order to show cause.  Therefore, the Court entered the following Notice of Impending Dismissal on June 9, 2026:

> NOTICE OF IMPENDING DISMISSAL: Plaintiff is WARNED that his case will be DISMISSED on June 24, 2026 (final deadline), if the Court does not receive a properly completed Motion for Leave to Proceed in forma pauperis or $405.00 filing fee and a response to the Court's Order to Show Cause (Doc. 3) by the final deadline. The Clerk's Office is DIRECTED to SEND Plaintiff a courtesy copy of the Orders at Docs. 2 and 3, along with this Order.

(Doc. 4).  Plaintiff also missed this deadline.

All deadlines have expired, including extended deadlines, and Plaintiff has taken no steps to move this matter forward.  To date, he has not paid the filing fee, filed an IFP motion, or responded to the Order to Show Cause.  He also disregarded the Notice of Impending Dismissal.

This action is therefore **DISMISSED** without prejudice for failure to comply with the Court's Orders (Docs. 2, 3, and 4) and for want of prosecution.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was opened, so the fee of $405.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 29, 2026**

_____
**J. PHIL GILBERT**
**United States District Judge**

2